## A. M. Elizalde *v.* United States (No. 4314) [1]

United States Court of Customs and Patent Appeals, April 14, 1941

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for appellant.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument February 6, 1941, by Mr. Charles D. Lawrence; submitted on brief by appellant]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges [2]

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, in a suit arising at the port of Los Angeles, Calif., to recover money alleged to have been illegally exacted by the Collector of Customs upon a Lockheed-Vega airplane which came into the United States at said port in crates, by ship from Manila, P. I.

The airplane was assessed for duty by the collector at the rate of 30 per centum ad valorem pursuant to paragraph 370 of the Tariff Act of 1930 providing for airplanes and parts thereof.

Appellant relied on his claim that the airplane was entitled to entry duty free under section 301 of said act, the pertinent portion of which reads as follows:

SEC. 301. PHILIPPINE ISLANDS.

There shall be levied, collected, and paid upon all articles coming into the United States from the Philippine Islands the rates of duty which are required to be levied, collected, and paid upon like articles imported from foreign countries:

[1] C. A. D. 166.

[2] LENROOT, Judge, took no part in the consideration or decision of this case.

*Provided*, That all articles, the growth or product of or manufactured in the Philippine Islands from materials the growth or product of the Philippine Islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from the Philippine Islands shall hereafter be admitted free of duty: *Provided, however*, That in consideration of the exemptions aforesaid, all articles, the growth, product, or manufacture of the United States, upon which no drawback of customs duties has been allowed therein, shall be admitted to the Philippine Islands from the United States free of duty: *And provided further*, That the free admission, herein provided, of such articles, the growth, product, or manufacture of the United States, into the Philippine Islands, or of the growth, product, or manufacture, as hereinbefore defined, of the Philippine Islands into the United States, shall be conditioned upon the direct shipment thereof, under a through bill of lading, from the country of origin to the country of destination: * * *

Several alternative claims were made by appellant, none of which was pressed.

The record discloses that the airplane was manufactured in the United States from materials grown or produced here, and apparently contained no foreign material. Whether it had been flown or shipped to the Philippine Islands is not revealed in the record, and is not important.

The trial court overruled the claim, and others made but not relied upon, basing its decision upon the case of *Associated Commercial Co., Ltd.* v. *United States*, 24 C. C. P. A. (Custom) 402, T. D. 48855, and judgment issued accordingly.

Appellant contends, in his brief here, that the airplane is free of duty under section 301, *supra*, but concedes that if it is not held to be free of duty under said section it must receive the same customs treatment as that accorded to like imported articles of foreign origin.

Appellant's argument in support of his contention rests upon the construction he places upon the first proviso of section 301, *supra*. Under his construction the following classes of goods would be made free of duty:

(1) Articles, the growth, or product of . . . the Philippine Islands or of the United States, or of both.

(2) Articles . . . manufactured in the Philippine Islands from materials the growth or product of the Philippine Islands or of the United States, or of both.

(3) Articles . . . which do not contain foreign materials to the value of more than 20 per centum of their total value.

It is urged that the involved article should be free of duty under group 1 or group 3 above. If appellant's construction were proper, there might be considerable force to his argument. It is clear to us, however, that the articles mentioned in the said proviso are only those which are "the growth or product of or manufactured in the Philippine Islands." No other meaning can be logically drawn from the section. The entry free of duty of such articles is further limited

by reference to the source of the materials from which they are made. Since the airplane herein is an article that was not produced or manufactured in the Philippine Islands, as required by section 301, *supra*, it cannot be held to be free of duty.

It is true, as is pointed out in the brief of appellant, that this court did not have before it in the *Associated Commercial Co.* case, *supra*, the argument presented here. However, the court in that case did have to decide the issue as to whether or not beer bottles manufactured in the United States, sent to the Philippines, and returned, filled with beer, to this country were entitled to free entry. As far as that issue was concerned we can see no difference in principle between it and the issue here. In that case, and in the instant case, the goods involved were manufactured in the United States, sent to the Philippine Islands, and returned to the United States. We held in that case that the bottles "were not free of duty under the proviso to section 301, *supra*, *because the bottles*, segregated from their contents, *were not products of the Philippine Islands.*" [Italics, except *supra*, supplied.] We are of opinion, therefore, that our decision in the *Associated Commercial Co.* case, *supra*, was properly held by the trial court to be *stare decisis* with respect to the matter now before us.

The judgment appealed from is *affirmed*.